# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DENNIS RAY GRANTHAM,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et. al,

    Defendants.

CIVIL ACTION NO.: 5:16-cv-61

## **O R D E R**

This matter is before the Court on Defendants' Motions to Dismiss filed on January 13, 2017. (Docs. 16, 18.) The Court provides instructions to Plaintiff regarding Defendants' Motions to Dismiss which Plaintiff is urged to follow.[1]

A motion to dismiss is dispositive in nature, meaning that the granting of a motion to dismiss results in the dismissal of individual claims or an entire action. Consequently, the Court is reluctant to rule on Motions to Dismiss without receiving a response from the Plaintiff or ensuring that Plaintiff is advised of the potential ramifications caused by his failure to respond. Once a motion to dismiss is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiff in this case is a *pro se* litigant. Haines v. Kerner, 404 U. S. 519, 520 (1972). Additionally, when a defendant or defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiff, taking all

---

[1] Plaintiff filed a Notice, (doc. 14), requesting to voluntarily dismiss the United States Department of Veterans Affairs Secretary McDonald from the case. However, the only Defendants listed in this case are the United States of America and the Department of Veterans Affairs. Each of these Defendants has appeared and moved to dismiss all claims against them.

facts alleged by the plaintiff as true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

The granting of a motion to dismiss without affording the plaintiff either notice or any opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336–37 (11th Cir. 2011). A local rule, such as Local Rule 7.5 of this Court,[2] should not in any way serve as a basis for dismissing a *pro se* complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal. Pierce v. City of Miami, 176 F. App'x 12, 14 (11th Cir. 2006).

Accordingly, Plaintiff is hereby **ORDERED** to file any response in opposition to the Defendants' motions for a dismissal or to inform the Court of his decision not to oppose Defendants' Motions within fourteen (14) days of the date of this Order. Tazoe, 631 F.3d at 1336 (advising that a court cannot dismiss an action without employing a fair procedure). Should Plaintiff not timely respond to Defendants' Motions, the Court will determine that Plaintiff does not oppose the Motions. See Local Rule 7.5.

To assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby instructed

---

[2] Local Rule 7.5 states,

> Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion. Failure to respond shall indicate that there is no opposition to a motion.

(emphasis added).

to attach a copy Federal Rules of Civil Procedure 41 and 12 to the copy of this Order that is served on the Plaintiff.

**SO ORDERED**, this 20th day of January, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA