IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DENNIS RAY GRANTHAM,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et. al,

    Defendants.

CIVIL ACTION NO.: 5:16-cv-61

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Department of Veterans Affairs and United States of America's Motions to Dismiss. (Docs 16, 18.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** all claims against Defendant Department of Veterans Affairs pursuant to Plaintiff's Notice of Dismissal and **DISMISS as moot** this Defendant's Motion to Dismiss, (doc. 16). The Court should **GRANT** Defendant United States of America's Motion to Dismiss, (doc. 18). I further **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, **without prejudice**, **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND

Plaintiff filed this action against the United States Department of Veterans Affairs and the United States of America contesting his provision of healthcare by the United States Department of Veterans Affairs. (Docs. 1, 4.) Plaintiff contends he has been diagnosed with bleeding, cancerous tumors, and Defendants have failed to provide him medical care. (Doc. 4, p. 5.) Plaintiff filed his Amended Complaint on August 2, 2016, and then moved this Court to

instruct the United States Marshals Service to serve his summonses on all Defendants. (Doc. 6.) The Court denied Plaintiff's motion on September 20, 2016, (doc. 8). Plaintiff then filed a Motion for Extension of Time to Serve Summons on October 25, 2016, (doc. 10), which the Court granted on November 21, 2016, (doc. 11). Accordingly, Plaintiff had until December 21, 2016, to timely serve the summonses, (doc. 11). While Plaintiff timely served a Complaint and summons on Christopher Blasy, Chief of Staff at the Carl Vinson VA Hospital in Dublin, Georgia, and Latesha Ferrette-Holt at the VA Clinic in Brunswick, Georgia, (docs. 12, 13), he failed to deliver a copy of the summons to the United States Attorney's Office in the Southern District of Georgia or to serve any documentation on the Attorney General of the United States in Washington, D.C.

On December 21, 2016, Plaintiff filed a Notice in which he requested that the Court "[d]ismiss Defendant #3 U.S. Dep[artment] of Veteran[ ] Affair[s]."[1] (Doc. 14, p. 1.) Following Plaintiff's Notice, Defendant Department of Veterans Affairs filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. (Doc. 16.) Defendant United States of America also filed a Motion to Dismiss based upon insufficiency of process. (Doc. 18.) In Response to Defendants' Motions, Plaintiff admits that he did not properly serve Defendants but attributes that failure to bureaucratic delays, his mental and physical disabilities, and his lack of financial resources. (Doc. 19, p. 2; Doc. 21, p. 2.)

---

[1] Although Plaintiff's Notice specified that he sought to dismiss "Secretary McDonald", it appears that Plaintiff named this individual based upon his understanding that Secretary McDonald could accept service of process on behalf of the named Defendant United States Department of Veterans Affairs.

2

**DISCUSSION**

**I.   Plaintiff's Notice of Voluntary Dismissal**

In his December 21, 2016, Notice for Filing Documents of Cost, which the Court construes as a Notice of Voluntary Dismissal,[2] Plaintiff requests that the Court dismiss Defendant Department of Veterans Affairs from this action "[t]o move this case along without further delay." (Doc. 14, p. 1.) Within that Notice, Plaintiff informed the Court that he was aware that he had failed to properly serve Defendant Department of Veterans Affairs by the extended deadline granted by the Court. Defendant Department of Veterans Affairs then filed a Motion to Dismiss. (Doc. 16.)

Under Federal Rule of Civil Procedure 41(a)(1)(A), a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Plaintiff filed his Notice requesting dismissal of Defendant Department of Veterans Affairs on December 21, 2016, prior to the filing of Defendant's Motion to Dismiss on January 13, 2017, and prior to the filing of any Answer. Accordingly, and because Defendant has not objected to Plaintiff's Notice or otherwise filed any counterclaim that might impede Plaintiff's ability to dismiss certain claims voluntarily, the Court should **GRANT** Plaintiff's request for voluntary dismissal and **DISMISS without prejudice** all

---

[2] "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82). Although Plaintiff labeled his motion as a "Notice of Filing Documents of Cost," a review of that pleading reveals that he is requesting that the Court dismiss Defendant Department of Veterans Affairs from this action. (Doc. 14, p. 1.) Accordingly, Plaintiff's Notice is properly classified as a Notice of Voluntary Dismissal.

claims against Defendant Department of Veterans Affairs. Consequently, the Court should **DISMISS as moot** Defendant Department of Veterans Affairs Motion to Dismiss, (doc. 16).

## II.     Defendant United States of America's Motion to Dismiss

Defendant United States of America also filed a Motion to Dismiss Plaintiff's Complaint on January 13, 2017. Within its Motion, Defendant argues that the Court must dismiss Plaintiff's Complaint, without prejudice, because Plaintiff failed to properly serve a copy of the Complaint and summons upon Defendant, as required by Federal Rule of Civil Procedure 4(i)(1). Plaintiff does not dispute that he failed to properly serve Defendant, but contends that his mistakes are attributable to physical and mental disabilities and his inability to hire an attorney to represent him in this case. (Doc. 21, p. 2.)

In its analysis of Defendant's Motion to Dismiss, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Under the Federal Rules of Civil Procedure, to serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with court clerk—or

>  (ii) send a copy by registered or certified mail addressed to the civil process clerk at the United States attorney's office;
> 
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> 
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency of officer.

Fed. R. Civ. P. 4(i)(1). "Failure to properly serve the United States deprives the court of personal jurisdiction." Holmstrom v. United States, No. 8:02-CV-2006-T-17MAP, 2003 WL 21254624, at *2 (M.D. Fla. Apr. 4, 2003) (internal punctuation omitted). Accordingly, improper service ordinarily requires the Court to dismiss an action without prejudice.

However, under Federal Rule of Civil Procedure 4(m), even [i]f the plaintiff fails to properly serve the defendant within 90 days, the court may "'direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" Lepone-Dempsey v. Carroll Cty. Comm'rs., 476 F.3d 1277, 1281 (11th Cir. 2007) (citing Fed. R. Civ. P. 4(m)). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" Id. (citing Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991)). Even in the absence of good cause, a district court has the discretion to extend the time for service of process. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1133 (11th Cir. 2005). Furthermore, even if the "court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey, 476 F.3d at 1282. "Only after considering whether any such factors exist may

the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id.

Even after considering the specific facts of this case—including Plaintiff's claims of continued physical illness and mental handicaps—Plaintiff has not shown good cause for failing to timely serve Defendant United States of America after being given an extension of time to do so. Whatever Plaintiff's disabilities may be, he has been able to file numerous pleadings in this action which would require far less effort than properly effecting service. Plaintiff claims that he failed to serve any documents upon the Attorney General of the United States in Washington, D.C., as prescribed by Rule 4(i)(1)(B), due to the "delays in the transitioning of government of newly elected officials." (Doc. 19, p. 2.) However, this claim is nonsensical as he filed this action long before any change in administration. Further, he does not provide any specifics to support this conclusory argument. Plaintiff further argues that if Defendant's Motion is granted, "this case will never be looked at or ever reviewed." Accordingly, his argument for the Court to excuse his failure to serve Defendants rests in his own bureaucratic frustrations, not any physical ailment or any mental handicap.

Moreover, as Defendant points out in its Motion to Dismiss, Plaintiff successfully sent a copy of the Complaint to the United States Attorney's Office for the Southern District of Georgia, as prescribed by Federal Rule of Civil Procedure 4(i)(1)(A)(i). However, Plaintiff failed to attach the summons to that Complaint. Additionally, he has still not served any documentation upon the Attorney General of the United States in Washington, D.C. These deficiencies still exist despite the fact that Plaintiff filed this lawsuit over six months ago, and the Court already directed him to serve this lawsuit and provided him with additional time to do so.

(Docs. 8, 11.) Plaintiff's unwillingness to comply with the Federal Rules of Civil Procedure, not his illnesses or lack of financial resources, has prevented him from properly serving Defendant.

Because Plaintiff has still not properly served this lawsuit, despite being given additional time to do so, the Court should dismiss Plaintiff's claims against Defendant United States of America. See Marcus v. Postmaster Gen. U.S. Postal Serv. Se. Area, 461 F. App'x 820, 822 (11th Cir. 2011) (finding that district court did not abuse its discretion by dismissing plaintiff's complaint *sua sponte* after plaintiff attempted to comply with Rule 4(i), but failed to send his complaint to the proper recipients); Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 183 (11th Cir. 2007) (upholding refusal to provide additional time to serve United States under Rule 4(m) and dismissal of claims for lack of service); Gunn v. Jariel, No. CV306-309, 2007 WL 2317384, at *3 (S.D. Ga. Aug. 10, 2007) (concluding plaintiff did not show good cause for failing to effect service, notwithstanding plaintiff's ligament transplant surgery during litigation).

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Defendant United States of America's Motion to Dismiss, (doc. 18), and **DISMISS** Plaintiff's claims against the United States of America without prejudice.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis.* Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action, . . . may proceed on appeal *in forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]"). An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is

filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Defendant United States of America's Motion to Dismiss, the Court should **DENY** Plaintiff's potential *in forma pauperis* status on appeal, as there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith.

## CONCLUSION

I **RECOMMEND** that the Court **DISMISS as moot** Defendant Department of Veterans Affairs' Motion to Dismiss and **GRANT** Defendant United States of America's Motion to Dismiss. I further **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, **without prejudice**, **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 21st day of February, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA